```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:08CV526-MU-02
```

```
GEORGE W. BLACKWELL,       )
     Plaintiff,            )
                           )
     v.                    )         O R D E R
                           )
BOYD BENNETT, et al.,      )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's Motion for Appointment of Counsel (document # 6) and his Motion for Recusal Disqualification (document # 7), bot filed December 1, 2008; on Plaintiff's Motion for Summary Judgment and Preliminary Injunction (document # 8), filed December 2, 2008; on Defendant Dr. Yuan's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (document # 10), filed December 12, 2008; and on Defendants Dr. Smith, Bennett, Beck, Tony Smith and Teague's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (document # 11), filed December 15, 2008.

According to the record of this matter, on October 21, 2008, Plaintiff, an inmate in the custody of the North Carolina Department of Corrections, filed this action against his custodian and certain other State employees/contractors pursuant to various U.S. Constitutional Amendments, to the Americans with Disabilities Act, to 42 U.S.C. 1983, and pursuant to certain North

Carolina provisions (document # 1, Attachment A). One of the bases of Plaintiff's claims relates to his alleged inability to secure specific requested treatment for various injuries/conditions from which he reportedly is suffering. Specifically, Plaintiff complains that his repeated requests to be examined and treated by a neuro-surgeon for neck injuries which he allegedly sustained when he fell from a prison transport van have been denied; and that his requests for eye surgery and treatment have been denied. As a result, Plaintiff is requesting thousands of dollars in damages.

In addition, Plaintiff's Complaint alleges that upon his arrival at prison in December 2002, he already was disabled due to psychiatric and back/spine conditions; that due to his disabilities, he was not able to earn gain-time credits for prison employment; and that the N.C.D.O.C. did not begin awarding him the four days per month of gain-time credit -- which reportedly is awarded to disabled inmates under a June 2003 prison policy -- until December 2004. Consequently, Plaintiff contends that his gain-time credits should be recalculated and that he immediately should be released from prison. Moreover, Plaintiff claims that the failure to award him all of the gain-time credits to which he is entitled constitutes cruel and unusual punishment in violation of his Eighth and Fourteenth Amendment rights. Ultimately, Plaintiff seeks thousands of additional dollars in damages for

2

this alleged violation.

On November 19, 2008, counsel for the three defendants who then were served, i.e., Dr. Yuan, Tony Smith and Kenneth Teague,[1] filed a combined Notice of Removal under 28 U.S.C. § 1441, thereby removing this action from the State Superior Court to this forum (document # 1).

On November 20, 2008, Dr. Yuan filed a Motion for Extension of Time to file an Answer to Plaintiff's Complaint (document # 3). On November 20, 2008, this Court entered an Order granting the Motion, giving Dr. Yuan an extension of time up to and including December 26, 2008 in which to respond to Plaintiff's Complaint (document # 5).

Turning to the matters now before the Court, on December 1, 2008, Plaintiff filed the subject Motions for Appointment of Counsel and Recusal (documents ## 6 and 7, respectively). Taking them out of order, by his second Motion, Plaintiff is seeking the recusal and/or disqualification of the undersigned from this case. In support of this Motion, Plaintiff asserts that the undersigned "has a pattern of being against prisoners and is the state's greatest tool." However, recusal is required under 28 U.S.C. § 455(a) only in those proceedings in which a judge's "impartiality might reasonably be questioned."

---

[1] At that time, Defendants Theodis, Rick Anderson, Dr. Paula Smith, Dr. Stover, and F.M.C.U. (presumably, this is the Foothills Correctional Institution) had not been served with process by the State Superior Court in which this action was pending.

3

Here, Plaintiff has failed even to attempt to specifically identify any matters about which the undersigned's impartiality reasonably might be questioned. Rather, Plaintiff seeks to rely exclusively upon his conclusory assertions that the undersigned has a "pattern of being against prisoners. . . ." Suffice it to say, however, the mere fact that this Court has had occasion to dismiss other litigation due to inmates' failures to state claims for relief falls far short of establishing a pattern of partiality or bias in favor of the State. As such, Plaintiff has failed to show that the undersigned cannot preside over this case; consequently, his Motion for Recusal and/or Disqualification will be denied.

By the other Motion, Plaintiff claims that he needs appointed counsel because he cannot afford to hire an attorney; that his imprisonment will greatly limit his ability to litigate his case which case he believes will involve substantial investigation and discovery; that the issues are complex and a lawyer would help him to properly apply the law; that he expects a trial of this matter to involve conflicting testimony; that the North Carolina Prisoner Legal Services agency has denied his requests for assistance; that prison policies forbid inmates from assisting one another; and that his medical conditions, described as "bad nerves" and poor vision, make it difficult for him to proceed on his own.

Notwithstanding his apparent beliefs to the contrary, however, there simply is no constitutional right to court-appointed counsel in a federal <u>civil</u> case. Indeed, there is no fund out of which payment for such appointments can be made. Rather, pursuant to 28 U.S.C. § 1915(e)(1), district courts may request the assistance of private attorneys to represent indigent parties, but only in exceptional circumstances. <u>See generally</u> <u>Whisenant v. Yaum</u>, 739 F.2d 160, 163 (4th Cir. 1984) (noting the requirement for "exceptional circumstances" in order to justify the assistance of counsel); <u>and</u> <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975 (same).

After having reviewed Plaintiff's Motion and the other documents in this case, the Court finds that he has failed to show that this Court reasonably cannot expect him to continue with his <u>pro-se</u> representation. Indeed, a review of Plaintiff's documents reflect that this case is not so complex that he cannot proceed on his own. To be sure, Plaintiff's documents sufficiently have articulated his positions to the Court thus far, and it is far from clear that any hearing even will be required in this matter. As such, Plaintiff's Motion for the appointment of counsel will be <u>denied</u>.

On December 2, 2008, Plaintiff filed a dual Motion for Summary Judgment and Preliminary Injunction (document # 8). However, it goes without saying that inasmuch as all of the defendants

have not yet been served and/or had the opportunity to respond to his Complaint, Plaintiff's Motion for Summary Judgment must be dismissed, without prejudice, as premature.

Concerning the portion of the Motion requesting a Preliminary Injunction, Plaintiff asks this Court to enter an order directing his custodian immediately to provide him with treatment by a neuro-surgeon and an eye doctor in order to avoid further injuries to his person. However, Plaintiff has failed to establish that he is entitled to this extraordinary remedy. Rather, of the four factors governing preliminary injunctive relief, Plaintiff has failed to make a favorable showing under three of the factors -- relating to his suffering irreparable harm, his likely success on the merits of his action, and the promotion of a matter of public interest. See Hughes Network Sys. v. InterDigital Comm. Corp., 17 F.3d 691, 693-4 (4th Cir. 1994) (explaining the factors). Therefore, the instant Motion will be denied.

For their parts, on December 11 and 15, 2008, Defendants filed Motions for Extensions of Time to Respond to Plaintiff's Motion for Summary Judgment (document ## 10 [Defendant Dr. Yuan] and 11 [Defendants Dr. Smith, Bennett, Beck, Tony Smith and Teague], respectively). Defendants seek extensions of approximately 90 days in which to respond to Plaintiff's Motion for Summary Judgment. However, inasmuch as the Court has determined that Plaintiff's Summary Judgment Motion must be dismissed as

premature, Defendants' requests for time to respond to said Motion will be dismissed as moot.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (document # 6) is **DENIED;**

2. Plaintiff's Motion for Recusal Disqualification (document # 7) is **DENIED;**

3. Plaintiff's Motion for Summary Judgment (document # 8), is **DISMISSED as premature, without prejudice to his right to refile such Motion at the appropriate time,** and his Motion for Preliminary Injunction (also document # 8), is **DENIED;**

4. Defendant Yuan's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (document # 10) is **DISMISSED as moot;** and

5. Defendants Dr. Smith, Bennett, Beck, Tony Smith and Teague's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (document # 11) also is **DISMISSED as moot.**

SO ORDERED.

Signed: December 17, 2008

Graham C. Mullen
United States District Judge